**'19CV0494 AJB MSB**

COPY

1    SEYFARTH SHAW LLP
     Joseph A. Escarez (SBN 266644)
2    jescarez@seyfarth.com
     2029 Century Park East, Suite 3500
3    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
4    Facsimile:    (310) 201-5219

5    Attorneys for Defendants
     OPORTUN FINANCIAL CORPORATION and
6    OPORTUN INC.

7

FILED
CIVIL BUSINESS OFFICE-32
CENTRAL DIVISION

2019 MAR 13 P 12: 29

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF SAN DIEGO

10

By Fax

11   DENNIS DOUGLASS,                          Case No. 37-2019-00005286-CL-PO-CTL

12              Plaintiff/Counter-Defendant,    *[Honorable Randa Trapp; Department C-70]*

13        v.                                    **ANSWER TO COMPLAINT**

14   OPORTUN FINANCIAL CORPORATION;
     OPORTUN INC.; EXPERIAN INFORMATION,
15   INC.; AND DOES 1 through 10 inclusive,     Date Action Filed:  January 29, 2019

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1        Defendants Oportun Financial Corporation and Oportun Inc. (collectively, "Oportun") hereby

2    answer the Complaint filed by plaintiff Dennis Douglass ("Plaintiff"), as follows:

3                            **GENERAL DENIAL**

4        Pursuant to California Code of Civil Procedure section 431.30(d), Oportun generally denies

5    each and every cause of action and allegation asserted against it in the Complaint.  In further answer

6    to the Complaint, Oportun denies that Plaintiff has suffered any injury, damage, or loss in any nature

7    or manner whatsoever by reason of or as a result of any act or omission by Oportun alleged in the

8    Complaint.

9                        **AFFIRMATIVE DEFENSES**

10       Without assuming the burden of proof where it otherwise lies with Plaintiff, Oportun asserts

11   the following affirmative defenses:

12                  **FIRST AFFIRMATIVE DEFENSE**

13                    (Failure To State A Claim)

14        1.     The Complaint fails to state facts sufficient to constitute a claim upon which relief can

15   be granted against Oportun.

16                **SECOND AFFIRMATIVE DEFENSE**

17                      (Arbitration)

18        2.     Douglass is precluded from proceeding in a judicial forum because he agreed to

19   arbitrate his claims against Oportun, an agreement which is specifically enforceable pursuant to the

20   Federal Arbitration Act, 9 U.S.C. §§ 1, et seq.  Accordingly, this action should be stayed on the

21   grounds that Douglass has agreed to arbitrate the claims set forth in his Complaint against Oportun.

22                **THIRD AFFIRMATIVE DEFENSE**

23                     (Mootness)

24        3.     Douglass' claims are barred, in whole or in part, because they are moot.

25               **FOURTH AFFIRMATIVE DEFENSE**

26                      (Estoppel)

27        4.     The Complaint is barred, in whole or in part, by the conduct, actions and inactions of

28   Douglass, which amount to and constitute an estoppel of the claims and any relief sought thereby.

1

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Douglass, which amount to and constitute a waiver of any right or rights Douglass may or might have in relation to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. Douglass unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Oportun, and such claims therefore are barred pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSEE

### (Consent)

7. By his own conduct, acts and/or omissions, Douglass consented to and acquiesced in Oportun's alleged conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. Douglass' claims for damages are barred, in whole or in part, because he has failed to mitigate those damages.

## NINTH AFFIRMATIVE DEFENSE

### (Independent, Intervening Conduct)

9. Douglass is barred from recovery in that any damage sustained by Douglass, was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission by Oportun.

## TENTH AFFIRMATIVE DEFENSE

### (Preemption)

10. Douglass' state-law claims are preempted pursuant to 15 U.S.C. §§ 1681h and 1681t(b)(1)(F) to the extent they implicate the duty of a furnisher to transmit accurate credit information to a consumer reporting agency and/or to investigate consumer disputes.

2

55570228v.3

**ELEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

11.     Douglass is barred from obtaining relief under the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure To Satisfy Conditions Precedent)

12.     Douglass' claims under the FCRA are barred, in whole or in part, because he failed to submit a dispute to any credit reporting agencies, and Oportun did not receive notification of any such dispute, regarding his credit information as alleged in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Private Right Of Action)

13.     Douglass' claims under the FCRA are barred, in whole or in part, because there is no private right of action for violation of any requirements set forth in 15 U.S.C. §1681s-2(a).

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Mistake)

14.     If any alleged acts or omissions of Oportun took place giving rise to a claim for violation of any statute, such acts or omissions were the result of innocent mistakes and/or bona fide errors notwithstanding the maintenance by Oportun of procedures reasonably adapted to avoid any such violation. Oportun acted in a reasonable manner in connection with the alleged transactions at issue in this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Fault of Plaintiff)

15.     If Douglass suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused by and/or contributed to Douglass' credit history distinct from any activity of Oportun; Douglass' failure to cooperate in securing any warranted changes to his credit reporting; or the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Douglass, and not by Oportun.

3

55570228v.3

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16.     Plaintiffs' complaint, and each purported cause of action asserted against Oportun therein, is uncertain.

## RESERVATION OF RIGHTS

Oportun expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Oportun prays as follows:

1.     That Plaintiff takes nothing by his Complaint on file herein;

2.     That judgment be entered in favor of Oportun and against Plaintiff on all causes of action asserted against Oportun;

3.     That Oportun be awarded reasonable attorneys' fees according to proof;

4.     That Oportun be awarded the costs of suit incurred herein; and

5.     That Oportun be awarded such other and further relief as the Court may deem appropriate.

DATED: March 13, 2019                    Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Joseph A. Escarez

Attorneys for Defendant
OPORTUN FINANCIAL CORPORATION
and OPORTUN INC.

4

ANSWER TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF LOS ANGELES        )

FILED
CIVIL BUSINESS OFFICE-32
CENTRAL DIVISION

2019 MAR 13  P 12: 29

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 13, 2019, I served the within document(s):

**ANSWER TO COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on March 13, 2019. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Todd M Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

***Attorneys for Plaintiff Dennis Douglass***

Tel:    (424)-235-1148
Fax:    (866) 633-0228
E-mail:  abacon@toddflaw.com
         tfriedman@toddflaw.com

Edwin Howell, Esq.
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134

***Attorneys for Defendant Experian Information Inc.***

Tel:    (858) 314-1137
Fax:    (858) 314-1200
Email:   ehowell@jonesday.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. .

PROOF OF SERVICE

55312845v.1

1      I declare under penalty of perjury under the laws of the State of California that the above is true

2 and correct.

3      Executed on March 13, 2019, at Los Angeles, California.

4                                                                        Maria Torres-Masferrer

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PROOF OF SERVICE**

55312845v.1